COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
ANDREW C. MACE (284484)
(amace@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843 5000
Facsimile: (650) 849 7400

EAMONN GARDNER (310834)
(egardner@cooley.com)
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: 720-566-4000
FACSIMILE: 720-566-4099

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLULAR SOUTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:25-CV-01487-YGR<br><br>**DEFENDANT GOOGLE LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF CELLULAR SOUTH, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Defendant Google LLC ("Defendant" and "Google") hereby files the following response to the Complaint for Patent Infringement (Dkt. 1) ("complaint"), filed by Cellular South, Inc. ("Plaintiff" or "CSI").

Each of the paragraphs below corresponds to the same numbered paragraph in the complaint. Google denies all allegations and characterizations in the complaint, whether express or implied, that are not specifically admitted below. Google further denies Plaintiff is entitled to the relief requested in the complaint, or to any other relief.

**NATURE OF THIS ACTION**

1. Google admits that the complaint purports to allege patent infringement of three patents: U.S. Patent Nos. 10,218,954 ("the '954 Patent"), 9,940,972 ("the '972 Patent"), and 11,126,853 ("the '853 Patent"). Google admits that copies of these patents (collectively, the "Patents-in-Suit") were attached as Exhibits A–C to the complaint. Google otherwise denies the remaining allegations set forth in paragraph 1 of the complaint.

2. Google denies the allegations set forth in paragraph 2 of the complaint.

3. Google denies the allegations set forth in paragraph 3 of the complaint.

4. Paragraph 4 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 4 and specifically denies that Google has committed any acts of patent infringement and that Google must compensate Plaintiff.

**THE PARTIES**

5. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint, and therefore denies them.

6. Google admits that it is a corporation formed under the laws of Delaware with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it has an office at 500 West 2nd Street in Austin, Texas.

**JURISDICTION AND VENUE**

7. Google admits that CSI purports to bring a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq., including 35 U.S.C. §§ 271, 281-285. Google admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338. Google otherwise denies any remaining allegations set forth in paragraph 7 of the complaint.

8. Google admits that venue is proper before this Court in the Northern District of California. Google otherwise denies the remaining allegations set forth in paragraph 8 of the complaint and refers to the order granting transfer from the Western District of Texas to this Court (Dkt. 58).

9. Google denies the allegations set forth in paragraph 9 of the complaint and refers to the order granting transfer from the Western District of Texas to this Court (Dkt. 58).

10. Google admits that personal jurisdiction is proper in this Court in the Northern District of California. Google otherwise denies the remaining allegations set forth in paragraph 10 of the complaint and refers to the order granting transfer from the Western District of Texas to this Court (Dkt. 58).

## FACTUAL BACKGROUND

11. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint, and therefore denies them.

12. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint, and therefore denies them.

13. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint, and therefore denies them.

14. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, and therefore denies them.

15. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint, and therefore denies them.

16. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint, and therefore denies them.

17. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint, and therefore denies them.

18. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, and therefore denies them.

19. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint, and therefore denies them.

20. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint, and therefore denies them.

21. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint, and therefore denies them.

22. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint, and therefore denies them.

23. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint, and therefore denies them.

24. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint, and therefore denies them.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**

**(Alleged Infringement of U.S. Patent No. 10,218,954)**

25. Google incorporates by reference its responses to paragraphs 1-24.

26. Google admits that the face of United States Patent No. 10,218,954 (the "'954 Patent") lists February 26, 2019 as the issue date, "Video to Data" as the title, and names Naeem Lakhani, Bartlett Wade Smith, IV, and Allison A. Talley as the inventors. Google admits that Exhibit A to the Complaint purports to be a copy of the '954 patent. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the complaint, and therefore denies them.

27. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the complaint, and therefore denies them.

28. Paragraph 28 contains legal conclusions and arguments to which no response is required.

29. Paragraph 29 contains legal conclusions and arguments to which no response is required.

30. Google denies the allegations set forth in paragraph 30 of the complaint.

31. Google denies the allegations set forth in paragraph 31 of the complaint.

32. Google admits that paragraph 32 purports to quote from the '954 Patent. Google denies all remaining allegations set forth in paragraph 32 of the complaint.

33. Google admits that paragraph 33 purports to quote from the '954 Patent. Google denies all remaining allegations set forth in paragraph 33 of the complaint.

34. Google denies the allegations set forth in paragraph 34 of the complaint.

35. Google denies the allegations set forth in paragraph 35 of the complaint.

36. Google denies the allegations set forth in paragraph 36 of the complaint.

37. Google admits that paragraph 37 purports to quote from Claim 1 of the '954 Patent. Google denies all remaining allegations set forth in paragraph 37 of the complaint.

38. Google denies the allegations set forth in paragraph 38 of the complaint.

39. Google admits that paragraph 39 purports to contain a screenshot from https://cloud.google.com/video-intelligence but the screenshot does not match the current version of that website. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 39 of the complaint.

40. Google admits that paragraph 40 contains a screenshot from https://cloud.google.com/video-intelligence. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 40 of the complaint.

41. Google admits that paragraph 41 contains screenshots from https://cloud.google.com/video-intelligence. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 41 of the complaint.

42. Google admits that paragraph 42 contains a screenshot from https://cloud.google.com/video-intelligence. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 42 of the complaint.

43. Google admits that paragraph 43 contains a screenshot from https://cloud.google.com/video-intelligence/pricing and a screenshot from https://cloud.google.com/video-intelligence/pricing#streaming_video_annotation. Google denies

the screenshots prove infringement and denies all remaining allegations set forth in paragraph 43 of the complaint.

44. Google admits that paragraph 44 contains a screenshot from a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the screenshot, text, or video prove infringement and denies all remaining allegations set forth in paragraph 44 of the complaint.

45. Google admits that paragraph 45 contains screenshots from https://cloud.google.com/docs/overview. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 45 of the complaint.

46. Google admits that paragraph 46 purports to contain a screenshot from https://cloud.google.com/video-intelligence/docs/annotate-video-command-line but the screenshot does not match the current version of that website. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 46 of the complaint.

47. Google admits that paragraph 47 contains a screenshot from https://cloud.google.com/video-intelligence/docs/feature-speech-transcription. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 47 of the complaint.

48. Google admits that paragraph 48 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 48 of the complaint.

49. Google admits that paragraph 49 contains a screenshot from https://cloud.google.com/video-intelligence/docs/reference/rest/v1/AnnotateVideoResponse. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 49 of the complaint.

50. Google admits that paragraph 50 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 50 of the complaint.

51. Google admits that paragraph 51 contains a screenshot from https://cloud.google.com/video-intelligence/docs/feature-label-detection. Google denies the

screenshot proves infringement and denies all remaining allegations set forth in paragraph 51 of the complaint.

52. Google admits that paragraph 52 contains a cite to a video and screenshots posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text, screenshots, or video prove infringement and denies all remaining allegations set forth in paragraph 52 of the complaint.

53. Google admits that paragraph 53 contains a cite to a video posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 53 of the complaint.

54. Google admits that paragraph 54 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 54 of the complaint.

55. Google admits that paragraph 55 contains a screenshot from https://cloud.google.com/video-intelligence/docs/reference/rest/v1/AnnotateVideoResponse. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 55 of the complaint.

56. Google admits that paragraph 56 contains a cite to a video and screenshot posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text, screenshot, or video prove infringement and denies all remaining allegations set forth in paragraph 56 of the complaint.

57. Google admits that paragraph 57 contains cites to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc and https://cloud.google.com/video-intelligence/docs/reference/rest/v1p3beta1/videos/annotate#request-body. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 57 of the complaint.

58. Google admits that paragraph 58 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 58 of the complaint.

59. Google admits that paragraph 59 contains a cite to a video posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 59 of the complaint.

60. Google admits that paragraph 60 contains a cite to a video posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 60 of the complaint.

61. Google admits that paragraph 61 contains a cite to a video posted at https://www.youtube.com/watch?v=mDAoLO4G4CQ. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 61 of the complaint.

62. Google admits that paragraph 62 contains a screenshot from https://cloud.google.com/functions/#video-and-image-analysis. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 62 of the complaint.

63. Google admits that paragraph 63 contains a cite to a video posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 63 of the complaint.

64. Google denies the allegations set forth in paragraph 64 of the complaint.

65. Google admits that, based on its current knowledge and investigation, it has not signed a license agreement with Plaintiff regarding the '954 patent. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 of the complaint, and therefore denies them.

66. Paragraph 66 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 66.

67. Google denies the allegations set forth in paragraph 67 of the complaint.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**

**(Alleged Infringement of U.S. Patent No. 9,940,972)**

68. Google incorporates by reference its responses to paragraphs 1-67.

69. Google admits that the face of United States Patent No. 9,940,972 (the "'972 Patent") lists April 10, 2018 as the issue date, "Video to Data" as the title, and names Naeem

Lakhani and Bartlett Wade Smith, IV as the inventors. Google admits that Exhibit B to the Complaint purports to be a copy of the '972 patent. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 of the complaint, and therefore denies them.

70. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the complaint, and therefore denies them.

71. Paragraph 71 contains legal conclusions and arguments to which no response is required.

72. Paragraph 72 contains legal conclusions and arguments to which no response is required.

73. Google denies the allegations set forth in paragraph 73 of the complaint.

74. Google denies the allegations set forth in paragraph 74 of the complaint.

75. Google denies the allegations set forth in paragraph 75 of the complaint.

76. Google denies the allegations set forth in paragraph 76 of the complaint.

77. Google denies the allegations set forth in paragraph 77 of the complaint.

78. Google admits that paragraph 78 purports to quote from claim 1 of the '972 Patent. Google denies all remaining allegations set forth in paragraph 78 of the complaint.

79. Google denies the allegations set forth in paragraph 79 of the complaint.

80. Google admits that paragraph 80 purports to contain a screenshot from https://cloud.google.com/video-intelligence but the screenshot does not match the current version of that website. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 80 of the complaint.

81. Google admits that paragraph 81 contains a screenshot from https://cloud.google.com/video-intelligence. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 81 of the complaint.

82. Google admits that paragraph 82 contains screenshots from https://cloud.google.com/video-intelligence. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 82 of the complaint.

83. Google admits that paragraph 83 contains a screenshot from https://cloud.google.com/video-intelligence. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 83 of the complaint.

84. Google admits that paragraph 84 contains a screenshot from https://cloud.google.com/video-intelligence/pricing and a screenshot from https://cloud.google.com/video-intelligence/pricing#streaming_video_annotation. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 84 of the complaint.

85. Google admits that paragraph 85 contains a screenshot from a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the screenshot, text, or video prove infringement and denies all remaining allegations set forth in paragraph 85 of the complaint.

86. Google admits that paragraph 86 contains screenshots from https://cloud.google.com/docs/overview. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 86 of the complaint.

87. Google admits that paragraph 87 purports to contain a screenshot from https://cloud.google.com/video-intelligence/docs/annotate-video-command-line but the screenshot does not match the current version of that website. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 87 of the complaint.

88. Google admits that paragraph 88 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the text or video prove infringement and denies all remaining allegations set forth in paragraph 88 of the complaint.

89. Google admits that paragraph 89 contains screenshots from https://cloud.google.com/video-intelligence/docs/feature-speech-transcription and https://cloud.google.com/video-intelligence/docs/transcription. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 89 of the complaint.

90. Google admits that paragraph 90 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the text or video prove infringement and denies all remaining allegations set forth in paragraph 90 of the complaint.

91. Google admits that paragraph 91 contains a screenshot from https://cloud.google.com/video-intelligence/docs/analyze-labels. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 91 of the complaint.

92. Google admits that paragraph 92 contains screenshots from https://cloud.google.com/video-intelligence/docs/reference/rest/v1/AnnotateVideoResponse. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 92 of the complaint.

93. Google admits that paragraph 93 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 93 of the complaint.

94. Google admits that paragraph 94 contains a screenshot from https://cloud.google.com/video-intelligence/docs/feature-speech-transcription. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 94 of the complaint.

95. Google admits that paragraph 95 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 95 of the complaint.

96. Google admits that paragraph 96 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 96 of the complaint.

97. Google admits that paragraph 97 contains a cite to a video and a screenshot posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text, screenshot, or video prove infringement and denies all remaining allegations set forth in paragraph 97 of the complaint.

98. Google admits that paragraph 98 contains a cite to a video and screenshots posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text, screenshots, or video prove infringement and denies all remaining allegations set forth in paragraph 98 of the complaint.

99. Google admits that paragraph 99 contains a screenshot from https://cloud.google.com/video-intelligence/docs/reference/rest/v1/AnnotateVideoResponse#labelannotation. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 99 of the complaint.

100. Google admits that paragraph 100 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 100 of the complaint.

101. Google admits that paragraph 101 contains a cite to a video posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 101 of the complaint.

102. Google admits that paragraph 102 contains a cite to a video posted at https://www.youtube.com/watch?v=mDAoLO4G4CQ and a screenshot from a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text, screenshot, or videos prove infringement and denies all remaining allegations set forth in paragraph 102 of the complaint.

103. Google admits that paragraph 103 contains a cite to a video posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 103 of the complaint.

104. Google admits that paragraph 104 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 104 of the complaint.

105. Google admits that paragraph 105 contains screenshots from https://cloud.google.com/functions/#video-and-image-analysis. Paragraph 105 also purports to include a screenshot from https://cloud.google.com/functions/docs/tutorials/imagemagick#blur_images but the link does not match the screenshot. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 105 of the complaint.

106. Google admits that paragraph 106 contains a cite to a video posted at https://www.youtube.com/watch?v=F4YKREYPkEI. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 106 of the complaint.

107. Google admits that paragraph 107 contains a cite to a video posted at https://www.youtube.com/watch?v=zFQrbm0Gk-I. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 107 of the complaint.

108. Google denies the allegations set forth in paragraph 108 of the complaint.

109. Google admits that, based on its current knowledge and investigation, it has not signed a license agreement with Plaintiff regarding the '972 patent. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 of the complaint, and therefore denies them.

110. Paragraph 110 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 110.

111. Google denies the allegations set forth in paragraph 111 of the complaint.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**

**(Alleged Infringement of U.S. Patent No. 11,126,853)**

112. Google incorporates by reference its responses to paragraphs 1-111.

113. Google admits that the face of United States Patent No. 11,126,853 (the "'853 Patent") lists September 21, 2021 as the issue date, "Video to Data" as the title, and names Bartlett Wade Smith, IV, Allison A. Talley, and John Carlos Shields as the inventors. Google admits that Exhibit C to the Complaint purports to be a copy of the '853 patent. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 of the complaint, and therefore denies them.

114. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the complaint, and therefore denies them.

115. Paragraph 115 contains legal conclusions and arguments to which no response is required.

116. Paragraph 116 contains legal conclusions and arguments to which no response is required.

117. Google denies the allegations set forth in paragraph 117 of the complaint.

118. Google denies the allegations set forth in paragraph 118 of the complaint.

119. Google admits that paragraph 119 purports to quote from the '853 Patent. Google denies all remaining allegations set forth in paragraph 119 of the complaint.

120. Google admits that paragraph 120 purports to quote from the '853 Patent. Google denies all remaining allegations set forth in paragraph 120 of the complaint.

121. Google denies the allegations set forth in paragraph 121 of the complaint.

122. Google admits that paragraph 122 purports to quote from claim 1 of the '853 Patent. Google denies all remaining allegations set forth in paragraph 122 of the complaint.

123. Google denies the allegations set forth in paragraph 123 of the complaint.

124. Google admits that paragraph 124 purports to contain a screenshot from https://cloud.google.com/video-intelligence but the screenshot does not match the current version of that website. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 124 of the complaint.

125. Google admits that paragraph 125 contains a screenshot from https://cloud.google.com/video-intelligence. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 125 of the complaint.

126. Google admits that paragraph 126 contains screenshots from https://cloud.google.com/video-intelligence. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 126 of the complaint.

127. Google admits that paragraph 127 contains a screenshot from https://cloud.google.com/video-intelligence. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 127 of the complaint.

128. Google admits that paragraph 128 contains a screenshot from https://cloud.google.com/video-intelligence/pricing and a screenshot from https://cloud.google.com/video-intelligence/pricing#streaming_video_annotation. Google denies

the screenshots prove infringement and denies all remaining allegations set forth in paragraph 128 of the complaint.

129. Google denies the allegations set forth in paragraph 129 of the complaint.

130. Google admits that paragraph 130 contains screenshots from https://cloud.google.com/docs/overview. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 130 of the complaint.

131. Google admits that paragraph 131 purports to contain a screenshot from https://cloud.google.com/video-intelligence/docs/annotate-video-command-line but the screenshot does not match the current version of that website. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 131 of the complaint.

132. Google admits that paragraph 132 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 132 of the complaint.

133. Google admits that paragraph 133 contains a cite to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 133 of the complaint.

134. Google admits that paragraph 134 contains a screenshot from https://www.gcppodcast.com/post/episode-74-video-intelligence-api-with-sara-robinson/. Google denies the screenshot or podcast prove infringement and denies all remaining allegations set forth in paragraph 134 of the complaint.

135. Google admits that paragraph 135 contains a screenshot from https://cloud.google.com/vision/docs/object-localizer. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 135 of the complaint.

136. Google admits that paragraph 136 contains screenshots from https://cloud.google.com/video-intelligence/docs/feature-face-detection. Google denies the screenshots prove infringement and denies all remaining allegations set forth in paragraph 136 of the complaint.

137. Google admits that paragraph 137 contains a screenshot from https://cloud.google.com/video-intelligence/docs/feature-face-detection. As the website notes, this feature is deprecated. Google denies the screenshot proves infringement and denies all remaining allegations set forth in paragraph 137 of the complaint.

138. Google admits that paragraph 138 contains cites to a video posted at https://www.youtube.com/watch?v=y-k8oelbmGc. Google denies the purported text or video prove infringement and denies all remaining allegations set forth in paragraph 138 of the complaint.

139. Google denies the allegations set forth in paragraph 139 of the complaint.

140. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the complaint, and therefore denies them.

141. Google admits that, based on its current knowledge and investigation, it has not signed a license agreement with Plaintiff regarding the '853 patent. Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 of the complaint, and therefore denies them.

142. Paragraph 142 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in paragraph 142.

143. Google denies the allegations set forth in paragraph 143 of the complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Google incorporates by reference all preceding paragraphs of this answer as if fully set forth herein. Google denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in paragraphs 1 through 5 of the prayer for relief of the complaint.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial does not require a response by Defendant.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Google asserts the following defenses to the complaint and reserves its rights to assert additional defenses. Google also incorporates its counterclaims into its defenses as support.

Google reserves the right to amend or supplement its answer in view of discovery or otherwise in the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

Google does not infringe and has not infringed, literally or under the doctrine of equivalents, either directly or indirectly, any valid claim of the Patents-in-Suit. No Accused Product practices every limitation of any asserted claim.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

All asserted claims of the Patents-in-Suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's complaint fails to state a claim upon which relief can be granted. In addition to the above defenses, Plaintiff fails to plead facts sufficient to show infringement—whether directly or indirectly—or to plead facts sufficient to show any purported infringement was willful and entitles Plaintiff to enhanced damages.

## FOURTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

Plaintiff is barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288. Plaintiff's claim for patent infringement is precluded in whole or in part to the extent that any accused products or acts are outside the United States, including under 35 U.S.C. § 271. To the extent that Plaintiff or any licensees have failed to comply with the marking requirement of 35 U.S.C. § 287, Plaintiff cannot recover any damages prior to the date the complaint was filed.

## FIFTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY DISCLAIMER, ESTOPPEL, AND ENSNAREMENT

The relief sought by Plaintiff is barred, in whole or in part, due to statements and/or amendments made during prosecution of the Patents-in-Suit. Plaintiff are estopped from construing or interpreting any claim of the Patents-in-Suit in such a way as may cover and/or include, either literally or under the doctrine of equivalents, Google's products, processes, services, and/or

activities, and/or has waived any right to do so by reason of cancellation, limitation, or abandonment of claims, admissions, arguments, amendments, statements, and/or representations made by or on behalf of the applicants in any proceedings before the United States Patent and Trademark Office. To the extent that Plaintiff alleges infringement pursuant to the doctrine of equivalents, Plaintiff is estopped from claiming that the Patents-in-Suit covers the Accused Products, technologies, or their use under the doctrine of prosecution history estoppel. Plaintiff also cannot argue that the claims of the Patents-in-Suit are broad enough that an accused product would be found to infringe under the doctrine of equivalents because such a contention would render the claims invalid in view of the prior art.

**SIXTH AFFIRMATIVE DEFENSE – NO WILLFULNESS AND GOOD FAITH**

Plaintiff is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to allege reprehensible culpability on the part of Google, which is a prerequisite for a finding of willfulness and an award of enhanced damages. This is not an egregious case of misconduct that would warrant awarding enhanced or treble damages pursuant to 35 U.S.C. § 284. Google has also engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering attorneys' fees and/or costs under 35 U.S.C. § 285.

**SEVENTH AFFIRMATIVE DEFENSE – DEDICATION TO THE PUBLIC**

The relief sought by Plaintiff is barred, in whole or in part, because all methods, systems, and products disclosed in the Patents-in-Suit but not literally claimed therein were dedicated to the public.

**EIGHTH AFFIRMATIVE DEFENSE – STANDING**

To the extent that Plaintiff does not own all substantial rights in the Patents-in-Suit, it lacks standing to pursue some or all of its claims against Google.

**NINTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF**

Plaintiff's claims for injunctive relief are barred because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements for such relief.

**RESERVATION OF RIGHTS**

Google reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case. Google also incorporates by reference any and all defenses raised in any prior or co-pending civil action involving the Patents-in-Suit as if fully set forth herein.

## COUNTERCLAIMS

Counterclaimant Google LLC, by and through its undersigned counsel, hereby alleges the following counterclaims against Cellular South, Inc. ("Plaintiff" or "CSI").

## PARTIES

1. Google is a corporation formed under the laws of Delaware with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2. On information and belief, CSI is a corporation formed under the laws of Mississippi with a principal place of business at 1018 Highland Colony Parkway, Suite 300, Ridgeland, Mississippi 39157.

3. The Patents-in-Suit are U.S. Patent Nos. 10,218,954 ("the '954 Patent"), 9,940,972 ("the '972 Patent"), and 11,126,853 ("the '853 Patent") (collectively, "Patents-in-Suit").

## ACCUSED PRODUCTS

4. In the complaint, Plaintiff alleges certain Google products infringe one or more of the Patents-in-Suit (collectively, "Accused Products").

## JURISDICTION AND VENUE

5. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Google seeks relief under the Declaratory Judgment Act. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6. The Court has personal jurisdiction and venue over Plaintiff because they consented to personal jurisdiction and venue by pursuing the complaint in this action.

## PATENTS-IN-SUIT

7. The Patents-in-Suit are U.S. Patent Nos. 10,218,954 ("the '954 Patent"), 9,940,972

("the '972 Patent"), and 11,126,853 ("the '853 Patent") (collectively, "Patents-in-Suit").

8. The '954 patent is titled "Video to Data" and issued February 26, 2019. On May 9, 2024, Plaintiff filed a complaint against Google, asserting the '954 patent.

9. The '972 patent is titled "Video to Data" and issued April 10, 2018. On May 9, 2024, Plaintiff filed a complaint against Google, asserting the '972 patent.

10. The '853 patent is titled "Video to Data" and issued September 21, 2021. On May 9, 2024, Plaintiff filed a complaint against Google, asserting the '853 patent.

**BACKGROUND**

11. An actual, substantial, and continuing justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Plaintiff and Google concerning the infringement and validity of the Patents-in-Suit. This controversy is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

**FIRST COUNTERCLAIM – NON-INFRINGEMENT OF THE '954 PATENT**

12. Google incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. Google has not infringed, and is not now infringing, directly or indirectly, any valid and enforceable claim of the '954 patent.

14. Google is entitled to a judgment that Google does not infringe any valid and enforceable claim of the '954 patent.

**SECOND COUNTERCLAIM – INVALIDITY OF THE '954 PATENT**

15. Google incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. Based on the filing of this action, an actual and justiciable controversy has arisen between the parties as to the validity of the '954 patent.

17. The asserted claims of the '954 patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 1 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

18. Google is entitled to a judgment that the asserted claims of the '954 patent are invalid and/or unenforceable.

**THIRD COUNTERCLAIM – NON-INFRINGEMENT OF THE ’972 PATENT**

19. Google incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Google has not infringed, and is not now infringing, directly or indirectly, any valid and enforceable claim of the ’972 patent.

21. Google is entitled to a judgment that Google does not infringe any valid and enforceable claim of the ’972 patent.

**FOURTH COUNTERCLAIM – INVALIDITY OF THE ’972 PATENT**

22. Google incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Based on the filing of this action, an actual and justiciable controversy has arisen between the parties as to the validity of the ’972 patent.

24. The asserted claims of the ’972 patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 1 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

25. Google is entitled to a judgment that the asserted claims of the ’972 patent are invalid and/or unenforceable.

**FIFTH COUNTERCLAIM – NON-INFRINGEMENT OF THE ’853 PATENT**

26. Google incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. Google has not infringed, and is not now infringing, directly or indirectly, any valid and enforceable claim of the ’853 patent.

28. Google is entitled to a judgment that Google does not infringe any valid and enforceable claim of the ’853 patent.

**SIXTH COUNTERCLAIM – INVALIDITY OF THE ’853 PATENT**

29. Google incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Based on the filing of this action, an actual and justiciable controversy has arisen between the parties as to the validity of the ’853 patent.

31. The asserted claims of the ’853 patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 1 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

32. Google is entitled to a judgment that the asserted claims of the ’853 patent are invalid and/or unenforceable.

## PRAYER FOR RELIEF

Wherefore, Google prays that the Court enter judgment:

A. In favor of Google, and against Plaintiff, thereby dismissing Plaintiff’s complaint in its entirety, with prejudice, with Plaintiff taking nothing by way of its claims;

B. That all remedies and relief sought by Plaintiff be denied;

C. Declaring and adjudging that Google has not infringed and is not now infringing, either directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the Patents-in-Suit, under any subsection of 35 U.S.C. § 271;

D. Declaring and adjudging that all asserted claims of the Patents-in-Suit are invalid and/or unenforceable; and

E. That the Court enter the following additional judgments: (1) awarding Google its costs incurred in the prosecution and defense of this action and any related actions; (2) declaring this case to be exceptional under 35 U.S.C. § 285, and awarding Google its reasonable attorneys’ fees and costs incurred in the prosecution and defense of this action and any related action; and (3) awarding Google such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Google respectfully requests a trial by jury on all issues so triable.

Dated: July 11, 2025

COOLEY LLP

By: */s/ Heidi L. Keefe*
Heidi L. Keefe

HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
ANDREW C. MACE (284484)
(amace@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843 5000
FACSIMILE: (650) 849 7400

EAMONN GARDNER (310834)
(egardner@cooley.com)
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: 720-566-4000
Facsimile: 720-566-4099

*Attorneys for Defendant Google LLC*